JOHNSON v. NEW YORK & P. TELEPHONE & TELEGRAPH CO.

(Supreme Court, Appellate Division, Fourth Department. November 18, 1902.)

1. VILLAGE STREETS—USE BY TELEPHONE COMPANIES.
   Use of a populous street in a village of several thousand inhabitants for the erection of a telephone system, with the permission and under the direction and control of the board of trustees of the village, though without the consent of abutting owners, is not unlawful, as matter of law.

Appeal from special term, Cattaraugus county.

Action by James G. Johnson against the New York & Pennsylvania Telephone & Telegraph Company. From an interlocutory judgment on a decision sustaining a demurrer to the fourth defense in the amended answer, defendant appeals. Reversed.

Argued before McLENNAN, SPRING, WILLIAMS, HISCOCK, and DAVY, JJ.

J. Delevan Curtis, for appellant.

James G. Johnson, for respondent.

HISCOCK, J. This appeal involves the question of the right of a telephone company to string its poles and wires through a street of an incorporated village without the consent of a property owner holding title to the middle of the street. By sustaining plaintiff's demurrer, the court held adversely to said right. This action was brought as one of ejectment, and the important facts appearing from the complaint and answer demurred to, and presenting the question above stated, are substantially as follows: The village of Salamanca is an incorporated village, and "has within its limits a population consisting of several thousand," and Broad street is "a populous street in the said village." Plaintiff is a landowner upon said street, holding title in fee to the center thereof. The defendant is a domestic corporation, duly incorporated under chapter 265 of the Laws of 1848 and the various acts amendatory thereof, and engaged in conducting a general telephone and telegraph business throughout the southern part of the state of New York and the northern part of the state of Pennsylvania. As a part of such business and system it has a telephone exchange and office in the village of Salamanca, which is also connected with a system operated by the Bell Telephone Company, which has exchanges and stations in nearly all cities and villages in the United States. The trustees of said village duly conferred upon defendant the right to string its line of poles and wires along Broad street in front of plaintiff's premises as part of its telephone system. Said board had general supervision and control over the streets of said village. There is no claim that it exercised its power in granting the defendant this permission in any unusual or improper way, or that defendant has been guilty of putting up its poles and wires in any such manner as to unnecessarily obstruct or interfere with the rights of plaintiff or the public in the street in question.

It is settled that the purported grant by the legislature, in the acts under which defendant was incorporated and has acted, of the permission to telegraph and kindred companies to erect their poles and wires along streets and highways, does not in fact convey the right so to do unless such erections are within the limits of the public easement in said streets and highways; and it is also settled that the ownership by a property owner of the fee to the center of the street or highway does not give him any additional right to prevent any such use of a street or highway, provided the same is within the limits of such public easement. Eels v. Telegraph Co., 143 N. Y. 133, 38 N. E. 202, 25 L. R. A. 640. In considering what are the proper limits of lawful public use of a street or highway, a natural and well-

defined distinction has been drawn by the courts between rural or country roads and city streets. It has been decided beyond question that public necessity requires the latter to be subjected to many purposes which would not be necessary or proper in the case of the former.

Passing upon the right of a telephone company like defendant to place its wires in a public street in a city, this court has fully held and decided that such right was within the limits of the public easement in a city street. Castle v. Telephone Co., 49 App. Div. 437, 63 N. Y. Supp. 482. In the classification of, and distinction to be drawn between, city streets and rural highways, the courts have treated village streets as more analogous and akin to the former than to the latter. Eels v. Telegraph Co., supra; Castle v. Telephone Co., supra. Such conclusion is a natural one. No fixed and arbitrary line upon the subject of public uses and necessities can be drawn between the streets of a city and a village. The more populous the latter becomes, the more extensive will be its public needs and the demand for public conveniences. In a smaller degree than in the case of a large city, its streets will always, in the natural course of events, be subjected to greater public demands and uses than the ordinary rural highway. Therefore many of the arguments which were employed in the solution of the question presented to this court in the Castle Case, above cited, are naturally suggested in the argument and disposition of this appeal. We have not before us, however, so fully as in the former case, the facts upon which to dispose of the question. It appears, simply, that Salamanca is an incorporated village of several thonsand, and that the street in question is a populous one. Under the circumstances, upon the facts presented, we do not feel disposed to hold as matter of law that the use of the street for the erection of a telephone system under the direction and control of the board of trustees of said village is not proper and lawful, and we therefore reach the determination to reverse the judgment appealed from. Upon the trial of the case there doubtless will be a full and complete presentation of all of the facts surrounding and bearing upon the question at issue, and thus the basis laid for a more intelligent and satisfactory consideration of it than can now be had. The interlocutory judgment appealed from should be reversed, and plaintiff's demurrer overruled, with costs to the appellant.

Interlocutory judgment reversed, and plaintiff's demurrer overruled, with costs. All concur.